

# Notice of Service of Process

null / ALL
Transmittal Number: 25254007
Date Processed: 07/21/2022

| | |
|---|---|
| **Primary Contact:** | Andrew Akey<br>Menard, Inc.<br>5101 Menard Dr<br>Eau Claire, WI 54703-9604 |
| **Electronic copy provided to:** | Emily Hawke-James<br>Jim McMenomy<br>Meghan Olson<br>Todd Lemanski<br>Brianna Varanko |

| | |
|---|---|
| **Entity:** | Menard, Inc.<br>Entity ID Number 0033810 |
| **Entity Served:** | Menard, Inc. |
| **Title of Action:** | Patricia Madrigal vs. Menard, Inc. |
| **Matter Name/ID:** | Patricia Madrigal vs. Menard, Inc. (12591116) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2022L006195 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 07/21/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Breen Goril Law<br>312-726-8222 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



earing Date: No hearing scheduled
ocation: <<CourtRoomNumber>>
Jdge: Calendar, E

| 2120 – Served | 2121 – Served |
|---|---|
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served By Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |

Summons – Alias Summons

FILED
7/19/2022 12:19 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006195
Calendar, E
(08/01/18) 18729605001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PATRICIA MADRIGAL,

    Plaintiff,

v.

MENARD, INC.,

    Defendant.

No.: **22 L 6195**

r/a Prentice Hall Corporation
801 Adlai Stevenson Dr.
Springfield, Il 62703

☒ **SUMMONS**     ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the Complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
Cookcountyclerkofcourt.org
Page 1 of 3

Summons – Alias Summons (08/01/08) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

7/19/2022 12:19 PM IRIS Y. MARTINEZ

Atty. No.: 46504
Atty. Name: Breen Goril Law
Atty. For: Plaintiff
Address: 111 W. Washington St., Ste. 1511
City: Chicago
State: IL    Zip: 60602
Telephone: (312) 726-8222
Primary Email: admin@breenlawchicago.com

Witness: _____

_____
IRIS MARTINEZ, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 – Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 – Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 – Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 – Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 – Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Division/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours 8:30 am – 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am – 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am – 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am – 430 pm

Criminal Department
Richard J. Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am – 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am – 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am – 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am – 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am – 4:30 pm

Il Law Division initial Case Management Dates will be heard via ZOOM.
or more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
emote Court date: 9/15/2022 9:00 AM

FILED
7/12/2022 11:33 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006195
Calendar, E
18632877

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PATRICIA MADRIGAL,

    Plaintiff,

v.

MENARD, INC.,

    Defendants.

No.: 2022L006195

### COMPLAINT-AT-LAW

Plaintiff, PATRICIA MADRIGAL, by and through her attorneys, Breen Goril Law, complaining against the Defendant, MENARD, INC., states as follows:

#### Count I – Premises Liability

1. Defendant, Menard, Inc., is and was, at all times relevant, a corporation authorized to do business in the State of Illinois.

2. Plaintiff, Patricia Madrigal, is and was, at all times relevant, a citizen of the United States and a resident of the County of Cook, State of Illinois.

3. On or about July 25, 2020, the Defendant, Menard, Inc., owned, operated, controlled, maintained, and/or managed the premises located at or near 6851 W. 159th St., in the City of Tinley Park, State of Illinois, County of Cook.

4. On or about July 25, 2020, Plaintiff, Patricia Madrigal, was lawfully on the premises at or near 6851 W. 159th St., in the City of Tinley Park, State of Illinois, County of Cook.

5. On or about July 25, 2020, Plaintiff, Patricia Madrigal, was walking along a common pathway on the premises as a customer and followed all known rules of conduct within the premises and obeyed all signs and warnings within the premises.

6. At all times relevant, Patricia Madrigal, exercised due care for her safety and the safety of others.

7. At all times relevant, the Defendant, Menard, Inc., and its agents and/or employees owed the Plaintiff, Patricia Madrigal, a duty of ordinary care to protect her from harm and maintain the premises in a reasonably safe condition.

8. Notwithstanding its aforesaid duty, the Defendant, Menard, Inc., by and through its agents and/or employees, committed one or more of the following acts and/or omissions:

   a. Carelessly and negligently allowed the floor in the walkway to remain in an unsafe condition when they knew or should have known that liquid was present, which created a hazardous condition for all individuals lawfully in the area;

   b. Carelessly and negligently failed to maintain the premises at the aforesaid place in a reasonably safe condition for use by individuals lawfully on said premises, including the Plaintiff, Patricia Madrigal;

   c. Carelessly and negligently failed to adequately inspect the premises to ensure that it was safe for individuals lawfully on said premises, including the Plaintiff, Patricia Madrigal to walk;

   d. Carelessly and negligently failed to warn individuals lawfully on said premises, including the Plaintiff, Patricia Madrigal of the existence of liquid on the floor;

   e. Carelessly and negligently failed to remove liquid from the floor, so as to provide a safe place for individuals lawfully on said premises, including the Plaintiff, Patricia Madrigal to walk when they knew or should have known that the walkway was dangerous; and/or

   f. Carelessly and negligently failed to instruct employees/agents to properly remove liquid from the floors of the store, creating a dangerous and hazardous condition for people to walk.

9. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, Menard, Inc., the Plaintiff, Patricia Madrigal, slipped and fell causing her to sustain injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, the Plaintiff, Patricia Madrigal, prays for judgment against the Defendant, MENARD, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of litigation.

### Count II - Negligence

1 – 7. The Plaintiff reincorporates and re-alleges paragraphs one (1) through seven (7) of Count I into this Count II.

8. Notwithstanding its aforesaid duty, the Defendant, Menard, Inc., by and through its agents and/or employees, committed one or more of the following acts and/or omissions:

   a. Caused liquid to accumulate on the premises in an area where it knew or should have known that customers regularly walked;

   b. Failed to clean up liquid in an area where they knew, or should have known, that people walked in a manner that created a dangerous situation for individuals lawfully on said premises, including the Plaintiff Patricia Madrigal; and/or,

   c. Failed to inspect the premises for liquid on the floor to be certain the same was in good, safe, and proper condition, and to remedy the dangerous conditions caused by the liquid which the Defendant knew or should have known about;

9. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, Menard, Inc., the Plaintiff, Patricia Madrigal, slipped and fell causing her to sustain injuries of a personal, permanent, and pecuniary nature.

WHEREFORE, the Plaintiff, Patricia Madrigal, prays for judgment against the Defendant, MENARD, INC., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of litigation.

Respectfully Submitted,

Breen Goril Law

Attorney for the Plaintiff

Breen Goril Law-46504
111 W. Washington St., Suite 1500
Chicago, IL 60602
312-726-8222
admin@breenlawchicago.com

FILED
7/12/2022 11:33 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006195
Calendar, E
46504

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**PATRICIA MADRIGAL,**

    Plaintiff,

v.                                    No.: 2022L006195

**MENARD, INC.,**

    Defendants.

### AFFIDAVIT

I, Christopher Goril upon oath, do hereby depose and state to the best of my knowledge and belief that the damages sought in the above matter exceeds $50,000.00.

Further affiant sayeth naught.

*Christopher Goril*

Christopher Goril

Breen Goril Law-46504
111 W. Washington St., Suite 1500
Chicago, IL 60602
312-726-8222
admin@breenlawchicago.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, E

**12-Person Jury**
**12-Person Jury**

(12/30/15) CCL N530

FILED
8/22/2022 4:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006195
Calendar, E
19185550

FILED DATE: 8/22/2022 4:11 PM 2022L006195

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Patricia Madrigal,
      Plaintiff

v.

Menard, Inc., et al,
      Defendant

No. 2022 L 006195

Calendar: _B_

## APPEARANCE

X    GENERAL APPEARANCE      0900 - APPEARANCE - FEE PAID; 0909 - APPEARANCE - NO FEE;
                                                                        0904 - APPEARANCE FILED - FEE WAIVED

X    JURY DEMAND                      1900 - APPEARANCE & JURY DEMAND - FEE PAID
                                                                   1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:    D Plaintiff    0 Defendant

**MENARD, INC.**

_W. Anthony Andrews_
(Insert litigant's name.)

_Signature_

0 INITIAL COUNSEL OF RECORD      ☐ PRO SE
    ADDITIONAL APPEARANCE            ☐ SUBSTITUTE APPEARANCE

    A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.

0 Atty. No.: 47902            D Pro Se 99500

(Please complete the following contact information.)

Name: W. Anthony Andrews
Atty. for: Menard, Inc.
Address: 1804 N. Naper Blvd., Suite 350
City/State/Zip: Naperville, IL 60563
Telephone: 630-682-0085
Primary Email: wandrews@ottosenlaw.com
Secondary Email: mtrela@ottosenlaw.com
Tertiary Email: vmedina@ottosenlaw.com

**Pro Se Only:** D I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, E

FILED
8/22/2022 4:11 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006195
Calendar, E
19185550

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COOK COUNTY
COUNTY DEPARTMENT LAW DIVISION

PATRICIA MADRIGAL, )
)
    Plaintiff, )
)
v. ) No. 2022L006195
)
MENARD, INC., )
)
    Defendants. )
)

## ANSWER TO PLAINTIFF'S COMPLAINT-AT-LAW

### Count I — Premises Liability

1. Defendant, Menard, Inc., is and was, at all times relevant, a corporation authorized to do business in the State of Illinois.

   **ANSWER:** Defendant Menard, Inc. **admits** the allegations contained in Paragraph 1 of Plaintiff's Complaint at Law.

2. Plaintiff, Patricia Madrigal, is and was, at all times relevant, a citizen of the United States and a resident of the County of Cook, State of Illinois.

   **ANSWER:** Defendant Menard, Inc. **admits** the allegations contained in Paragraph 2 of Plaintiff's Complaint at Law.

3. On or about July 25, 2020, the Defendant, Menard, Inc., owned, operated, controlled, maintained, and/or managed the premises located at or near 6851 W. 159th St., in the City of Tinley Park, State of Illinois, County of Cook.

   **ANSWER:** Defendant Menard, Inc. **admits** it owned, operated, managed, and maintained a store known as "Menards" located at at or near 6851 W. 159th St., in the City of Tinley Park, State of Illinois, County of Cook; but **denies** that it controlled said premises.

4. On or about July 25, 2020, Plaintiff, Patricia Madrigal, was lawfully on the premises at or near 6851 W. 159th St., in the City of Tinley Park, State of Illinois, County of Cook.

   **ANSWER:** Defendant Menard, Inc. **admits** the allegations contained in Paragraph 4 of Plaintiff's Complaint at Law.

5. On or about July 25, 2020, Plaintiff, Patricia Madrigal, was walking along a common pathway on the premises as a customer and followed all known rules of

1

FILED DATE: 8/22/2022 4:11 PM   2022L006195

conduct within the premises and obeyed all signs and warnings within the premises.

**ANSWER:** Defendant Menard, Inc. **admits** the Plaintiff was walking along a pathway on the premises; but denies that she followed all known rules of conduct and obeyed all signs and warnings within the premises.

6. At all times relevant, Patricia Madrigal, exercised due care for her safety and the safety of others.

**ANSWER:** Defendant Menard, Inc. **denies** the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law.

7. At all times relevant, the Defendant, Menard, Inc., and its agents and/or employees owed the Plaintiff, Patricia Madrigal, a duty of ordinary care to protect her from harm and maintain the premises in a reasonably safe condition.

**ANSWER:** Defendant, Menard, Inc., **admits** all duties imposed by law, but **denies** Plaintiff has accurately pled the same; thus, this Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

8. Notwithstanding its aforesaid duty, the Defendant, Menard, Inc., by and through its agents and / or employees, committed one or more of the following acts and / or omissions:

    a. Carelessly and negligently allowed the floor in the walkway to remain in an unsafe condition when they knew or should have known that liquid was present, which created a hazardous condition for all individuals lawfully in the area;

    b. Carelessly and negligently failed to maintain the premises at the aforesaid place in a reasonably safe condition for use by individuals lawfully on said premises, including the Plaintiff, Patricia Madrigal;

    c. Carelessly and negligently failed to adequately inspect the premises to ensure that it was safe for individuals lawfully on said premises, including the Plaintiff, Patricia Madrigal to walk;

    d. Carelessly and negligently failed to warn individuals lawfully on said premises, including the Plaintiff, Patricia Madrigal of the existence of liquid on the floor;

    e. Carelessly and negligently failed to remove liquid from the floor, so as to provide a safe place for individuals lawfully on said premises, including the Plaintiff, Patricia Madrigal to walk when they knew or should have known that the walkway was dangerous; and / or

2

FILED DATE: 8/22/2022 4:11 PM    2022L006195

    f. Carelessly and negligently failed to instruct employees / agents to properly remove liquid from the floors of the store, creating a dangerous and hazardous condition for people to walk.

**ANSWER:** Defendant Menard, Inc. **denies** the allegations contained in Paragraph 8, including all subparts a-f, of Plaintiff's Complaint.

9. As a direct and proximate result of one or more of the foregoing negligent acts and / or omissions of the Defendant, Menard, Inc., the Plaintiff, Patricia Madrigal, slipped and fell causing her to sustain injuries of a personal, permanent, and pecuniary nature.

**ANSWER:** Defendant Menard, Inc. **denies** the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law.

WHEREFORE, the Defendant, MENARD, INC., denies that Plaintiff, PATRICIA MADRIGAL, is entitled to judgment in any amount whatsoever, and prays this Court enter judgment against Plaintiff and in favor of Defendant, and any other relief that this Court deem just and necessary.

In the alternative, the Defendant, MENARD, INC, prays that this honorable court reduce any judgment award on behalf of the Plaintiff, PATRICIA MADRIGAL, by the proportion or amount by which PATRICIA MADRIGAL's own negligence caused and contributed to her injuries or damages.

### Count II - Negligence

1. — 7. The Plaintiff reincorporates and re-alleges paragraphs one (1) through seven (7) of Count I into this Count II.

**ANSWER:** Defendant reincorporates and realleges its responses to paragraphs one (1) through seven (7) of Plaintiff's Count I of Plaintiff's Complaint at Law into this Count II of Plaintiff's Complaint at Law as its response to this paragraph.

8. Notwithstanding its aforesaid duty, the Defendant, Menard, Inc., by and through its agents and / or employees, committed one or more of the following acts and / or omissions:

3

a. Caused liquid to accumulate on the premises in an area where it knew or should have known that customers regularly walked;

b. Failed to clean up liquid in an area where they knew, or should have known, that people walked in a manner that created a dangerous situation for individuals lawfully on said premises, including the Plaintiff Patricia Madrigal; and / or,

c. Failed to inspect the premises for liquid on the floor to be certain the same was in good, safe, and proper condition, and to remedy the dangerous conditions caused by the liquid which the Defendant knew or should have known about;

**ANSWER:** Defendant Menard, Inc. **denies** the allegations contained in Paragraph 8, including all subparts a-c, of Plaintiff's Complaint.

9. As a direct and proximate result of one or more of the foregoing negligent acts and / or omissions of the Defendant, Menard, Inc., the Plaintiff, Patricia Madrigal, slipped and fell causing her to sustain injuries of a personal, permanent, and pecuniary nature.

**ANSWER:** Defendant Menard, Inc. **denies** the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law.

WHEREFORE, the Defendant, MENARD, INC., denies that Plaintiff, PATRICIA MADRIGAL, is entitled to judgment in any amount whatsoever, and prays this Court enter judgment against Plaintiff and in favor of Defendant, and any other relief that this Court deem just and necessary.

In the alternative, the Defendant, MENARD, INC, prays that this honorable court reduce any judgment award on behalf of the Plaintiff, PATRICIA MADRIGAL, by the proportion or amount by which PATRICIA MADRIGAL's own negligence caused and contributed to her injuries or damages.

Respectfully submitted,

**OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.**

By: /s/ W. Anthony Andrews

4

FILED DATE: 8/22/2022 4:11 PM    2022L006195

                                                      Attorney for Menard, Inc.

W. Anthony Andrews (ARDC No. 6217267)
Meganne Trela (ARDC No. 6310345)
OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.
1804 N. Naper Blvd., Suite 350
Naperville, IL 60563
(630) 682-0085 – Phone
wandrews@ottosenlaw.com
mtrela@ottosenlaw.com

5

FILED DATE: 8/22/2022 4:11 PM 2022L006195

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COOK COUNTY, IL
COUNTY DEPARTMENT LAW DIVISION**

| | |
|---|---|
| PATRICIA MADRIGAL, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MENARD, INC., )<br>)<br>Defendants. )<br>) | No. 2022L006195 |

## **DEFENDANT'S AFFIRMATIVE DEFENSE – CONTRIBUTORY NEGLIGENCE**

NOW COMES the Defendant, MENARD, INC., by and through its attorney, W. Anthony Andrews of Ottosen DiNolfo Hasenbalg & Castaldo, Ltd., and for its Affirmative Defense to the Plaintiffs' Complaint, herein states as follows:

1. At all times relevant, it was the duty of the Plaintiff, PATRICIA MADRIGAL, to exercise reasonable care in the Menard store so as to avoid injury to themselves or others.

2. Plaintiff did not exercise due care and caution in the following respects:

    a. Failed to keep a proper look out for obstacles or substances on the floor;

    b. Failed to avoid walking on or near an area with signs warning customers of a hazard or substance on the floor; and

    c. Was otherwise careless and negligent at the Menard store location.

3. As a direct and proximate result of one or more of the aforementioned acts or omissions Plaintiff sustained injuries.

6

WHEREFORE, Defendant prays that this Honorable Court dismiss Plaintiffs' Complaint with prejudice for the reason that the Plaintiffs' own negligence was the sole proximate cause of the Plaintiffs' alleged damages.

In the alternative, Defendant prays that this Honorable Court dismiss the Plaintiffs' Complaint with prejudice for the reason that the Plaintiffs' own negligence was more than fifty percent (50%) of the total cause of the Plaintiffs' alleged damages.

In the alternative, Defendant prays that this Honorable Court reduce any judgment award on behalf of the Plaintiff by the proportion or amount by which Plaintiffs' own negligence caused and contributed to their damages.

Respectfully Submitted:

**OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.**

By: */s/ W. Anthony Andrews*
Attorney for Defendant

W. Anthony Andrews (ARDC No. 6217267)
Meganne Trela (ARDC No. 6310345)
**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**
1804 N. Naper Blvd., Suite 350
Naperville, IL 60563
(630) 682-0085 – Phone
wandrews@ottosenlaw.com
mtrela@ottosenlaw.com

7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Patricia Madrigal )
Plaintiff(s), )
) No. 22 L 6195
v. )
) Motion Call E
Menards )
Defendant(s). )

## CASE MANAGEMENT ORDER – CATEGORY 1 CASES

- The intent of this order is for the parties to complete all discovery and for the court to rule on all dispositive motions within **15 months** following the filing of the complaint.
- This order **does not alter** the application of Illinois Supreme Court Rule 218 – the 60-day rule.
- **Fill in all blanks.**

| | Months after Complaint filed | Date |
|---|---|---|
| Service of process achieved, responsive pleadings filed, treaters' list with names and addresses sent, HIPPA order entered, Rule 213(f)(1), (f)(2), (f)(3) & Rule 214 written discovery issued no later than | 2 | 9-23-22 |
| Rule 213(f)(1), (f)(2), & Rule 214 written discovery completed no later than | 5 | 12-12-22 |
| Rule 213(f)(2) subpoenas issued no later than | 6 | 1-12-23 |
| Rule 213(f)(1) depositions completed no later than | 7 | 2-13-23 |
| Interim CMC @ 9:00a M. 4619 | 7 | 2-13-23 |
| Rule 213(f)(2) depositions completed no later than | 9 | 4-12-23 |
| Dispositive motions filed and Rule 215 & 216 discovery completed no later than | 10 | 5-12-23 |
| Rule 213(f)(3) disclosures completed no later than Rule 213(f)(3) depositions completed no later than | 11 | 6-12-23 |
| | 13 | 8-14-23 |
| Case management for trial certification at 9:00 a.m. 4619 | 15 | 10-16-23 |

FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.

ENTERED:

Circuit Court Judge

SEP 15 2022

KATHY M. FLANAGAN #267